After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

This Document Prepared By:
Jesse Brecht
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **December 04, 2014**  Loan No: **4401165784**
Original Loan Amount: **$122,735.00**  Investor Loan No: **1002166716**
New Money: **$90,813.07**  MIN Number: **101034756001473969**
 FHA Case No.: **351-6692867-703-203B**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 4th day of January, 2021, between **JORDAN DAVIS and MAYA WORLDS** whose address is **PO BOX 174, PALMYRA, NJ 08065** ("Borrower") and **Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC** which is organized and existing under the laws of **Delaware**, and whose address is **1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **November 28, 2014** and recorded in Book/Liber **MB 14150**, Page **312**, Instrument No: **00041457** and recorded on **December 04, 2014**, of the Official Records of **GLOUCESTER** County, **NJ** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096,**
(Property Address)

the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

Tax Parcel No.: **22-00144-00008 01**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

HUD MODIFICATION AGREEMENT
304 8300h 01/14

(page 1 of 6)

1. As of **February 1, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$211,805.17**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$31,130.45** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.250%**, from **February 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$921.79**, beginning on the **1st** day of **March, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **February 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

9. This Agreement modifies an obligation secured by an existing security instrument recorded in GLOUCESTER County, NJ, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $120,992.10. The principal balance secured by the existing security instrument as a result of this Agreement is $211,805.17, which amount represents the excess of the unpaid principal balance of this original obligation.

_____  Date: 4/22/21
JORDAN DAVIS -Borrower

_____  Date: 4/22/21
MAYA WORLDS is joining in the execution of this Security Instrument solely for the purpose of consenting to the imposition of a lien on his/her right to joint possession of the described Property, which is the principal marital residence.

_____ [Space Below This Line For Acknowledgments] _____

State of New Jersey
County of Gloucester  SS:

I certify that on this __23__ day of __April__, 20_21_, JORDAN DAVIS and MAYA WORLDS, personally came before me, a Notary Public and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

_____
NOTARY PUBLIC

My commission expires : 10/30/2025

AMY E. EVERWINE
NOTARY PUBLIC OF NEW JERSEY
Commission # 50142269
My Commission Expires 10/30/2025


*4401165784*
HUD MODIFICATION AGREEMENT
304 8300h 01/14


*33090+36*

(page 4 of 6)

Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                                  SS:
County of _____

I CERTIFY that on _____

_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

                                                                      _____
                                                                      (Print name and title below signature)


HUD MODIFICATION AGREEMENT
304 8300h 01/14



Mortgage Electronic Registration Systems, Inc - Nominee for Lender
Name: _____
Title: _____

_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                       SS:
County of _____

I CERTIFY that on _____
_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

                                                                                   _____
                                                                                 (Print name and title below signature)


HUD MODIFICATION AGREEMENT
304 8300h 01/14



# Exhibit "A"

Loan Number: **4401165784**

Property Address: **72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096**

Legal Description:

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE CITY OF WOODBURY, COUNTY OF GLOUCESTER AND STATE OF NEW JERSEY, AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF SOUTH WOODLAND AVENUE, 70 FEET WIDE A DISTANCE OF 213.70 FEET NORTHEASTWARDLY FROM A POINT IN THE NORTHEASTERLY LINE OF EAST BARBER AVENUE, VARIABLE WIDTH, FORMERLY 50 FEET WIDE, BOUNDED AND DESCRIBED AS FOLLOWS: THENCE (1) SOUTH 70 DEGREES 08 MINUTES 40 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOT 7.02 AND LOT 8.01, BLOCK 144 ON THE OFFICIAL TAX MAP, A DISTANCE OF 186.75 FEET TO A POINT AND CORNER/REBAR, SAID LINE ALSO BEING THE CENTERLINE OF THE PARTY WALL BETWEEN PREMISES NO. 72 AND NO. 74 SOUTH WOODLAND AVENUE AND ITS EXTENSIONS THEREOF; THENCE (2) NORTH 19 DEGREES 04 MINUTES 30 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOT 8.01 AND LOT 8.04, BLOCK 144 ON THE OFFICIAL TAX MAP, A DISTANCE OF 25.99 FEET TO A POINT AND CORNER; THENCE (3) NORTH 70 DEGREES 08 MINUTES 40 SECONDS WEST ALONG THE DIVISION LINE BETWEEN LOT 8.01 AND LOT 8.02, SAID BLOCK, A DISTANCE OF 186.55 FEET TO A POINT AND CORNER/REBAR, SAID LINE ALSO BEING THE CENTERLINE OF THE PARTY WALL BETWEEN PREMISES NO. 68 AND NO. 72 SOUTH WOODLAND AVENUE AND ITS EXTENSIONS THEREOF; THENCE (4) SOUTH 19 DEGREES 30 MINUTES WEST ALONG THE SOUTHEASTERLY LINE OF SOUTH WOODLAND AVENUE, A DISTANCE OF 25.99 FEET TO THE POINT AND PLACE OF BEGINNING CUT CROSS. BEING KNOWN AS LOT 8.01, BLOCK 144 ON THE OFFICIAL TAX MAP. THE ABOVE LEGAL DESCRIPTION IS DRAWN IN ACCORDANCE TO A SURVEY DRAWN BY AL FLOYD AND SON LAND SURVEYING DATED OCTOBER 23, 2014.



# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4401165784**  Date: **January 04, 2021**

Borrower(s):   JORDAN DAVIS and MAYA WORLDS

Property Address:   72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096

Lender:  Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC

In consideration of **Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   Date: 1/22/21
JORDAN DAVIS  -Borrower

_____   Date: 2/22/21
MAYA WORLDS is joining in the execution of this Security Instrument solely for the purpose of consenting to the imposition of a lien on his/her right to joint possession of the described Property, which is the principal marital residence.

304 2001 11/12

Errors and Omissions/Compliance Agreement

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234

This Document Prepared By:
Jesse Brecht
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **December 04, 2014**  Loan No: **4401165784**
Original Loan Amount: **$122,735.00**  Investor Loan No: **1002166716**
New Money: **$90,813.07**  MIN Number: **101034756001473969**
FHA Case No.: **351-6692867-703-203B**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 4th day of January, 2021, between **JORDAN DAVIS and MAYA WORLDS** whose address is **PO BOX 174, PALMYRA, NJ 08065** ("Borrower") and **Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC** which is organized and existing under the laws of **Delaware**, and whose address is **1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **November 28, 2014** and recorded in Book/Liber **MB 14150**, Page **312**, Instrument No: **00041457** and recorded on **December 04, 2014**, of the Official Records of **GLOUCESTER County, NJ** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096**,
(Property Address)
the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

Tax Parcel No.: 22-00144-00008 01

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

HUD MODIFICATION AGREEMENT
304 8300h 01/14

(page 1 of 6)

1. As of **February 1, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$211,805.17**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$31,130.45** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.250%**, from **February 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$921.79**, beginning on the **1st** day of **March, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **February 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.



HUD MODIFICATION AGREEMENT
304 8300h 01/14

(page 2 of 6)

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

9. This Agreement modifies an obligation secured by an existing security instrument recorded in GLOUCESTER County, NJ, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $120,992.10. The principal balance secured by the existing security instrument as a result of this Agreement is $211,805.17, which amount represents the excess of the unpaid principal balance of this original obligation.

_____ Date: 4/22/21
JORDAN DAVIS -Borrower

_____ Date: 4/22/21
MAYA WORLDS is joining in the execution of this Security Instrument solely for the purpose of consenting to the imposition of a lien on his/her right to joint possession of the described Property, which is the principal marital residence.

_____ [Space Below This Line For Acknowledgments] _____

State of New Jersey
County of Gloucester        SS:

I certify that on this __23__ day of __April__, 20__21__, JORDAN DAVIS and MAYA WORLDS, personally came before me, a Notary Public and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

_____
NOTARY PUBLIC

My commission expires : __10/30/2025__

AMY E. EVERWINE
NOTARY PUBLIC OF NEW JERSEY
Commission # 50142269
My Commission Expires 10/30/2025


*44011657 84*
HUD MODIFICATION AGREEMENT
304 8300h 01/14


*33090+36*
(page 4 of 6)

Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                                            SS:
County of _____

I CERTIFY that on _____
_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____
of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

_____
(Print name and title below signature)


HUD MODIFICATION AGREEMENT
304 8300h 01/14



_____
Mortgage Electronic Registration Systems, Inc - Nominee for Lender
Name: _____
Title: _____

_____ [Space Below This Line For Acknowledgments] _____

State of _____
                                        SS:
County of _____

I CERTIFY that on _____
_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

                                                       _____
                                                       (Print name and title below signature)


HUD MODIFICATION AGREEMENT
304 8300h 01/14



# Exhibit "A"

Loan Number: **4401165784**

Property Address: **72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096**

Legal Description:

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE CITY OF WOODBURY, COUNTY OF GLOUCESTER AND STATE OF NEW JERSEY, AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTHEASTERLY LINE OF SOUTH WOODLAND AVENUE, 70 FEET WIDE A DISTANCE OF 213.70 FEET NORTHEASTWARDLY FROM A POINT IN THE NORTHEASTERLY LINE OF EAST BARBER AVENUE, VARIABLE WIDTH, FORMERLY 50 FEET WIDE, BOUNDED AND DESCRIBED AS FOLLOWS: THENCE (1) SOUTH 70 DEGREES 08 MINUTES 40 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOT 7.02 AND LOT 8.01, BLOCK 144 ON THE OFFICIAL TAX MAP, A DISTANCE OF 186.75 FEET TO A POINT AND CORNER/REBAR, SAID LINE ALSO BEING THE CENTERLINE OF THE PARTY WALL BETWEEN PREMISES NO. 72 AND NO. 74 SOUTH WOODLAND AVENUE AND ITS EXTENSIONS THEREOF; THENCE (2) NORTH 19 DEGREES 04 MINUTES 30 SECONDS EAST ALONG THE DIVISION LINE BETWEEN LOT 8.01 AND LOT 8.04, BLOCK 144 ON THE OFFICIAL TAX MAP, A DISTANCE OF 25.99 FEET TO A POINT AND CORNER; THENCE (3) NORTH 70 DEGREES 08 MINUTES 40 SECONDS WEST ALONG THE DIVISION LINE BETWEEN LOT 8.01 AND LOT 8.02, SAID BLOCK, A DISTANCE OF 186.55 FEET TO A POINT AND CORNER/REBAR, SAID LINE ALSO BEING THE CENTERLINE OF THE PARTY WALL BETWEEN PREMISES NO. 68 AND NO. 72 SOUTH WOODLAND AVENUE AND ITS EXTENSIONS THEREOF; THENCE (4) SOUTH 19 DEGREES 30 MINUTES WEST ALONG THE SOUTHEASTERLY LINE OF SOUTH WOODLAND AVENUE, A DISTANCE OF 25.99 FEET TO THE POINT AND PLACE OF BEGINNING CUT CROSS. BEING KNOWN AS LOT 8.01, BLOCK 144 ON THE OFFICIAL TAX MAP. THE ABOVE LEGAL DESCRIPTION IS DRAWN IN ACCORDANCE TO A SURVEY DRAWN BY AL FLOYD AND SON LAND SURVEYING DATED OCTOBER 23, 2014.


304 12338 06/18 Exhibit A Legal Description Attachment



# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: 4401165784

Date: January 04, 2021

Borrower(s):   JORDAN DAVIS and MAYA WORLDS

Property Address:   72 SOUTH WOODLAND AVENUE, WOODBURY, NJ 08096

Lender:   Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC

In consideration of **Owner, First Guaranty Mortgage Corporation and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   Date: 4/22/21
JORDAN DAVIS  -Borrower

_____   Date: 4/22/21
MAYA WORLDS   is joining in the execution of this Security Instrument solely for the purpose of consenting to the imposition of a lien on his/her right to joint possession of the described Property, which is the principal marital residence.

304 2001 11/12

Errors and Omissions/Compliance Agreement